**STATE OF WEST VIRGINIA**

**FILED**
December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROGER J. SPENCER,**
**Claimant Below, Petitioner**

**vs.)   No. 13-1216**  (BOR Appeal No. 2048394)
(Claim No. 960053955)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**HOBET MINING, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Roger J. Spencer, by Steven M. Thorne, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Noah Barnes, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 6, 2013, in which the Board affirmed a May 3, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 11, 2012, decision denying Mr. Spencer's request for retro-authorization for hospital admittance and lumbar decompression surgery at L2-3. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Spencer worked as a maintenance operator for Hobet Mining, Inc. On June 3, 1996, Mr. Spencer was squatting to change the oil on a coal truck when he felt something pop. The claim was held compensable for the following diagnoses: impotence of organic origin, neurogenic bladder not otherwise specified, incomplete bladder emptying not otherwise specified, reaction to spinal/lumbar, and unspecified thoracic/lumbosacral neuritis. Mr. Spencer underwent a lumbar decompression surgery at L2-3 levels on May 22, 2012. Mr. Spencer has filed an application requesting retro-authorization for hospital admittance and lumbar decompression surgery at L2-3. Robert B. Walker, M.D., found Mr. Spencer to have reached maximum medical improvement for his compensable conditions, and attributed Mr. Spencer's current complaints to non-compensable conditions. The claims administrator denied the request for retro-authorization for hospital admittance and lumbar decompression surgery at L2-3 because the surgery is not related to the work injury.

The Office of Judges affirmed the claims administrator's decision and found the requested treatment is not medically related and reasonably necessary to treat the compensable injury. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Spencer disagrees and asserts that his compensable injury has progressed requiring further treatment. Mr. Spencer further asserts that West Virginia Code of State Rules § 85-20 (2006) allows for continued treatment in exceptional cases and that he meets the exception because his treatment is now chronic. The West Virginia Office of Insurance Commissioner maintains that significant evidence shows that Mr. Spencer has degenerative changes that are unrelated to his workplace injury. The West Virginia Office of Insurance Commissioner further maintains that developmental spinal stenosis is present at L1 through L3, which is also unrelated to the workplace injury, and that the lumbar decompression surgery was performed at the L2-L3 level. The West Virginia Office of Insurance Commissioner argues that Dr. Walker found Mr. Spencer at maximum medical improvement and that his treatment needs for his work-related injury would not include surgery.

The Office of Judges relied on the diagnostic test results and the findings of Dr. Walker. On June 9, 1999, a lumbar myelogram revealed developmental central stenosis in the upper spine between L1-2 and L2-3 levels, and on the same date, a CT scan of the lumbar spine post-myelography revealed severe spinal stenosis at L3-4 level with minimal central bulge at L5-S1 with degenerative disc gas phenomena. The Office of Judges noted that the presentation of degenerative conditions shortly after the compensable injury supports that the degenerative conditions were pre-existing and were present prior to the compensable injury. The Office of Judges also found this was further supported by Dr. Walker's January 10, 2011, report. Dr. Walker opined that Mr. Spencer's current complaints are contributed to by pre-existing non-work-related conditions including a developmentally small spinal canal as well as probable acquired additional spinal stenosis from minor trauma and heavy work occurring prior to the acute injury. Dr. Walker concluded that neither of these were directly attributable to the injury of June 3, 1996, and that the treatment in this claim has not been necessary and appropriate solely as a result of the subject injury. The Office of Judges found that Mr. Spencer is suffering from pre-existing conditions that are preventing recovery, but have not aggravated the compensable injury. Therefore, based on the compensable diagnoses in this claim and the diagnostic studies, the Office of Judges concluded the requested surgery is to treat a non-compensable condition and

that Mr. Spencer failed to show the treatment is medically related and reasonably necessary to treat the subject injury.

This Court agrees with the findings of the Office of Judges and the conclusion of the Board of Review. Diagnostic testing revealed degenerative and developmental, pre-existing conditions. Dr. Walker concluded that Mr. Spencer's developmentally small spinal canal, along with his probable acquired additional spinal stenosis, occurred prior to the acute injury and was attributing to his current complaints but was not directly related to the incident of June 3, 1996. Dr. Walker found Mr. Spencer to have reached maximum medical improvement for the compensable injury. Mr. Spencer has failed to show the requested surgery is medically related and reasonably necessary to treat his compensable injury, and therefore the request for retro-authorization for the surgery is denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II